RUOZZO, APPELLANT, *v.* GILES, ADMR.,
OHIO BUREAU OF EMPLOYMENT
SERVICES ET AL., APPELLEES.

(No. 81-C.A.-63—Decided February 17, 1982.)

*Mr. Staughton Lynd, Mr. Fred A. Culver* and *Northeast Ohio Legal Services,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James M. McNally III,* for appellee Administrator.

O'NEILL, J. This appeal arises from a denial of appellant's application with the Ohio Bureau of Employment Services for extended Trade Readjustment Allowances. His application was denied because it was not filed within the established time period. Before the administrative agency and, on appeal, appellant has not argued that his application was timely.

Following the original denial, appellant requested reconsideration upon the basis that, as to the time limit, he had been "misinformed by a bureau employee." At a quasi-judicial hearing before a referee, the appellant testified as the sole witness. Appellant stated that he was never notified of the time within which he had to file his application.

On December 1, 1977, the appellant was initially notified that he was entitled to Trade Readjustment Allowances from August 28, 1977 until August 25, 1978. His notice of this entitlement also stated that upon the termination of that year "you may be entitled to an additional 26 weeks if you are in training * * *." This notice afforded no information as to filing dates. The appellant is without a larynx and the referee allowed his daughter to state that a Mr. Jones of the Bureau had told appellant "that he had until September 1980." Upon the evidence, it is conclusive that appellant was not told specifically when he should file, but also was misinformed.

A person seeking information from the government must assume the risk that the public adviser might be wrong.

"Mistaken advise or opinion of an agent of a governmental body as to the validity of an instrument does not create an estoppel against a public official to declare the instrument invalid." *State, ex rel. Svete,* v. *Bd. of Elections* (1965), 4 Ohio St. 2d 16, 18 [33 O.O.2d 139].

The foregoing *dicta* is advanced by appellee. We find it inapplicable. If an instrument is invalid, in and of itself, neither an agent of government nor a public official can create validity.

Appellant argues that we should apply the doctrine of equitable estoppel against the government especially when an agent of government misinforms a person who is dealing with the government through that agent as to an existing right. This appellant had an existing right to additional Trade Readjustment Allowances, apparently, he simply did not file timely. This misfeasance of a state employee caused his untimely application. The allowance of his application does not create a right where none existed. The misfeasance, wrong information, denied a right where one existed. In this case, the state, because of the acts of its agent,

should be estopped from claiming that appellant was not timely in his application. This is common sense.

"When properly applied, it [estoppel] operates upon the highest principles of morality, and recommends itself to the common sense and justice of everyone." 20 Ohio Jurisprudence 2d 461, Estoppel and Waiver, Section 4.

The judgment of the trial court is reversed. The Ohio Bureau of Employment Services is estopped from denying that appellant's application for Trade Readjustment Allowances filed on March 29, 1978 was not timely filed, all pursuant to R.C. 4141.28 (O) and App. R. 12.

*Judgment reversed.*

DONOFRIO, J., concurs.

LYNCH, P.J., dissents.