### George v. City of Mansfield
*[Cite as 6 AOA 125]*

*Case No. CA-2740*
*Richland County, (5th)*
*Decided August 23, 1990*

*Charles M. Brown, Cole & Brown Co., 28 Park Avenue West, Mansfield, Ohio 44902, for Plaintiff-Appellant.*

*Robert L. Konstam, Law Director, City of Mansfield, 30 North Diamond Street, Mansfield, Ohio 44902, for Defendants-Appellees.*

MILLIGAN, J.

Appellant worked for the City of Mansfield for over 30 years. He retired on September 30, 1987. On October 6, 1987, the City enacted an ordinance establishing an early retirement program for which appellant would have qualified. Appellant initiated this suit in the Richland County Court of Common Pleas against appellees: the City of Mansfield, the Mayor, the City Service safety Director, the City Treasurer, and the City Personnel Director, Pearl Adams. Appellant alleged that he retired prior to the enactment of the early retirement program in reliance on appellee Adams' statement that if the program was enacted, appellant would not be eligible to receive payment under the program.

Summary judgment was granted in favor of appellees. Appellant appeals this judgment, assigning four errors:

"ASSIGNMENT OF ERROR NO. I.
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF PROMISSORY ESTOPPEL WHERE THE FACTS PROPERLY BEFORE THE COURT CREATED A GENUINE ISSUE AS TO MATERIAL FACT ON WHICH REASONABLE MINDS COULD DIFFER, AND THE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF

PROMISSORY ESTOPPEL.

"ASSIGNMENT OF ERROR NO. II.
THE TRIAL COURT COMMITTED PREJU-
DICIAL ERROR IN GRANTING THE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON THE ISSUE OF NEGLI-
GENCE WHERE THE FACTS PROPERLY
BEFORE THE COURT CREATED A GENU-
INE ISSUE AS TO MATERIAL FACT ON
WHICH REASONABLE MINDS COULD DIF-
FER, AND THE DEFENDANTS WERE NOT
ENTITLED TO JUDGMENT AS A MATTER
OF LAW ON THE ISSUE OF NEGLIGENCE.

"ASSIGNMENT OF ERROR NO. III.
THE TRIAL COURT COMMITTED PRE-
JUDICIAL ERROR IN GRANTING THE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON THE ISSUE OF QUASI
CONTRACT AND UNJUST ENRICHMENT
WHERE THE FACTS PROPERLY BEFORE
THE COURT CREATED A GENUINE ISSUE
AS TO MATERIAL FACT ON WHICH REA-
SONABLE (*SIC*) MINDS COULD DIFFER,
AND THE DEFENDANTS WERE NOT ENTI-
TLED TO JUDGMENT AS A MATTER OF
LAW ON THE ISSUE OF QUASI CONTRACT
AND UNJUST ENRICHMENT.

"ASSIGNMENT OF ERROR NO. IV.
THE TRIAL COURT COMMITTED PREJ-
UDICIAL ERROR IN GRANTING THE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON THE ISSUES OF FRAUD,
MISREPRESENTATION AND DECEIT
WHERE THE FACTS PROPERLY BEFORE
THE COURT CREATED A GENUINE ISSUE
AS TO MATERIAL FACT ON WHICH REA-
SONABLE MINDS COULD DIFFER, AND
THE DEFENDANTS WERE NOT ENTITLED
TO JUDGMENT AS A MATTER OF LAW ON
THE ISSUES OF FRAUD, MISREPRESEN-
TATION AND DECEIT."

Summary judgment is controlled by Civ. R. 56(C), which provides in pertinent part:

"*** Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law *** A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The standard and evidence upon which we review summary judgment is the same for us as for the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.

I.

The elements of promissory estoppel are:

"There must be a promise, clear and unambiguous in its terms, reliance by the party to whom the promise is made, the reliance must be reasonable and foreseeable, and the party claiming estoppel must be injured by the reliance." *Cohen and Co., CPAs v. Messina, CPA* (1985), 24 Ohio App. 3d 22, 26, 492 N.E. 2d 867, 872.

Appellant alleges that in retiring at the time he did, he relied on a statement by Pearl Adams that he would not qualify under the program if it was enacted. Appellants testified:

"I asked her if I could receive five more years of early retirement at which time she told me that if city council passes this plan, the city will only purchase up to 30 years of service and then she went to explain like if you had 25 years of service, the city would buy you five more which would give you 30 years, if you had 27 years of service, this would buy you three years which will make you 30 years but they were only buying up to 30 years of service." George Deposition, p. 11.

He further testified that he knew that the program had not been enacted at the time he spoke to Adams. George Deposition at p. 22.

Accepting these allegations as true, we find that the court did not error in granting a summary judgment on the issue of promissory estoppel. Appellant could not have reasonably relied on the Statement of a government employee as to a future event requiring further legislative action. Any statements by Adams after she said "if City Council passes the plan" where her opinions as to the plan as she then perceived it and not clear and unambiguous promises. As appellant knew that the plan must be passed by City Council, appellant could not have reasonably relied on Adams' opinion that he would not qualify under the plan.

The first assignment of error is overruled.

## II.

First, appellant argues that reasonable minds could differ as to whether Pearl Adams breached a duty owed to appellant. We disagree. As discussed earlier, appellee Adams was expressing an opinion on the retirement plan as she understood at the time, before its enactment.

Appellant next argues that statutory immunity does not apply against the City because the City was engaged in a proprietary function. "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
"***

"(2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2).
"***

"(C) (1) "Governmental function" means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following: (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;" R.C. 2744.01(C)(1) (a).

The requirements of the Public Employees Retirement System are mandatory functions imposed upon the City by Chapter 145 of the Ohio Revised Code. Revised Code 145.297 allows a governmental unit to establish a retirement incentive plan. Because such a plan is part of the overall retirement scheme mandated by the Revised Code, we hold that such a retirement plan is a governmental function as defined in the code. The City of Mansfield is therefore immune from this suit.

The evidence before the court on the motion for summary judgment, particularly the deposition of Paul George, establishes no acts or omissions on the part of the Mayor, the City Service Safety Director, or the City Treasurer which constitute actionable negligence. The court did not err in granting summary judgment for these appellees.

Both Pearl Adams in the City in Mansfield are entitled to immunity as set forth in R.C. 2744.03:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish non-liability:

"(1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.
"***

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

"(6) In addition to any immunity or defense referred to in division (A) (7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;..."

R.C. 2744.03(A) (1), (3), (6).

Pearl Adams was responsible for developing the incentive retirement program, which was within her duties as personnel director for the City. She is therefore entitled to statutory immunity unless her actions were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

Appellant alleges that these acts were done in a wanton and reckless manner. However, the evidence before the court on the motion for sum-

mary judgment did not in any way substantiate such a claim. Reasonable minds could not differ on the issue of whether the actions were wanton and reckless, particularly as appellant was aware that the program had not yet been enacted.

The second assignment of error is overruled.

### III.

A quasi-contract is implied to prevent injustice. *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 46, 472 N.E. 2d 704, 706. The remedy of Quasi-contract presupposes some unjust enrichment of the opposing party. *Id.*

After the date of appellant's retirement, the City adopted an early retirement program to include up to five percent of its employees. In fact five percent of its employees did receive benefits under the program, and the City paid the necessary costs. As the percentage of employees is the same whether or not appellant is included in that group, it cannot be argued that the city was unjustly enriched. In addition, appellant gave up no existing right at the time of his retirement.

The third assignment of error is overruled.

### IV.

In order to establish a cause of action for fraud, appellant must prove a false representation of material fact knowingly made by appellee. *Gaines v. Preterm-Cleveland, Inc.* (1987), 33 Ohio St. 3d 54, 55, 514 N.E. 2d 709, 712. He also must prove that he justifiably relied on such representation. *Id.*

As discussed earlier, appellee Adams did not make a representation of fact as to the early retirement program. She could not have made a representation of fact as to a future event outside of her control. As discussed earlier, appellant could not have justifiably relied on such statement.

The fourth assignment of error is overruled.

All assignments of error having been overruled, the judgment of the Court of Common Pleas of Richland County is affirmed.

SMART, J., concurs.

PUTMAN, P.J., concurs and writes separately.

I agree completely with Judge Milligan's excellent analysis and write only to add that this case actually deals with a claim of genuine equitable estoppel and not the type of "promissory estoppel" that followed *Ricketts v. Scothorn* (1898), 59 Neb. 51, 77 N.W. 365.

Secondly, *Ruozzo v. Giles* (1982), 6 Ohio App.3d 8, deals with existing rights and hence is

distinguishable. We do not have before us the question of whether bad legal advice from a government retirement official as to existing rights can enhance the rights of a member of the fund.