OPINION
Although this matter was originally assigned to the accelerated calendar, we have elected to issue a full opinion pursuant to Loc.R. 12(5).
The following is a summary of the procedural facts that are relevant to this appeal:
Rodney J. Warnimont, Appellee and Cross-Appellant, was employed as the Chief Plumbing Inspector for the Findlay City Health Department ("City"), Appellant and Cross-Appellee, for approximately four years until his dismissal in March, 1998. According to the record, Warnimont was removed from his employment for various reasons, including insubordination.
On April 1, 1998, Warnimont's attorney filed a notice of appeal with the State Personnel Board of Review ("Board") pursuant to R.C. 124.34. On April 15, 1998, the City filed a motion to dismiss Warnimont's appeal claiming that the Board did not have jurisdiction because the appeal should have been filed with the local civil service commission. This assertion was based upon the fact that Warnimont was a city, rather than a state service employee. Warnimont responded, claiming that the State Personnel Board of Review was the proper appellate forum. Warnimont also filed an affidavit stating that he appealed to the Board based upon statements that were made by City agents and printed in the employee handbook.
In an opinion dated June 1, 1998, an administrative law judge found that the Board did not have jurisdiction to hear the appeal since Warnimont was not a state employee. The judge also concluded that Warnimont's assertions that he appealed to the Board based upon information supplied by the City did not estop the City from making the jurisdictional challenge. Accordingly, the opinion recommended that the Board dismiss Warnimont's appeal. On July 22, 1998, the Board adopted the findings contained in the administrative opinion and dismissed the pending appeal.
Thereafter, on July 31, 1998, Warnimont appealed the Board's decision to the Court of Common Pleas of Hancock County where the parties were permitted to conduct limited discovery. On January 15, 1999, the parties filed cross motions for summary judgment. The court entertained oral arguments, took the matter under advisement and on March 15, 1999, rendered a decision finding that although the Board was correct in dismissing Warnimont's appeal for lack of jurisdiction, the doctrine of promissory estoppel should have been applied to allow Warnimont to file the appeal with the local civil service commission, the proper entity under the Ohio Revised Code. Both parties have now appealed the decision to this court.
For the sake of clarity, we have elected to address the assignment of error contained in Warnimont's cross-appeal first:
 The trial court committed prejudicial error in concluding that the State Personnel Board of Review did not have jurisdiction over Appellee-Cross Appellant Warnimont's appeal.
This appeal arises from a decision pertaining to a motion for summary judgment. Preliminarily, we must point out that summary judgment should only be granted in the event that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United (1977), 50 Ohio St.2d 317, 327; Civ.R. 56(C). A reviewing court uses the same standard of review for summary judgment as does the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. For the reasons that follow, we conclude that no genuine issue of material facts exists as to whether the Board had jurisdiction to determine Warnimont's appeal.
R.C. 124.03 confers authority upon the Board to carry out various duties. Among those duties is the power to:
 (A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, [or] job abolishments * * *.
R.C. 124.01(B) defines "state service" as follows:
 State service includes all such offices and positions in the service of the state, the counties, and general health districts thereof, except the cities, city health districts, and city school districts. [Emphasis added.]
Further, R.C. 124.40(A) provides that the local civil service commission shall:
 [E]xercise all other powers and perform all other duties with respect to the civil service of such city, city school district, and city health district, as prescribed in this chapter and conferred upon the director of administrative services and the state personnel board of review with respect to the civil service of the state * * *.
The record is clear that Warnimont worked as the chief plumbing inspector for a city health district. Based upon the plain language contained in the above statutes, the Board lacked jurisdiction to determine Warnimont's appeal. Thus, the appropriate appellate forum was the local civil service commission.
Warnimont, however, argues that although an employee of a city health district is generally not considered to be involved in "state service", the facts in the instant matter should lead this court to find that Warnimont was, in fact, also employed by a general health district, an entity which is included in the definition of state service. In support of this argument, Warnimont relies heavily on an "Agreement for Services" which was entered into by the City and the Hancock County Board of Health on April 19, 1995. The contract permits City employees to conduct plumbing inspection services in Hancock County. Nonetheless, Section VII of the agreement specifically states that "no employer-employee relationship [is] created between the Board of Health of Hancock County * * * and the City or any of its officials, employees or agents performing work or services pursuant to this contract." Thus, Warnimont could not properly be considered an employee of the general health district merely by virtue of this agreement.
Furthermore, although R.C. 3709.07 provides that a city and a general health district may unite to form a combined general health district, there is no evidence in the record to support a finding that the City and the Board of Health of Hancock County ever combined pursuant to this statute. Thus, it appears uncontroverted, from the record, that Warnimont was employed by a city health district and was not in the service of the state.
Based upon the foregoing, we conclude that the trial court's decision to grant summary judgment to the City on the issue of the Board's jurisdiction was correct. Accordingly, the assignment of error contained in Warnimont's cross-appeal is overruled.
We now turn our attention to the assignment of error raised by the City:
 The trial court erred as a matter of law in finding that equitable estoppel applied thus permitting the Appellee Cross-Appellant to file an appeal with the City of Findlay Civil Service Commission.
At the outset, we note that the City maintains that the trial court erroneously permitted Warnimont to raise the issue of promissory estoppel since it was not argued prior to the final hearing on the motions for summary judgment. We find this assertion not well-taken because although the phrase "promissory estoppel" may not have been used before this time, Warnimont did argue throughout both the administrative and lower court proceedings that he filed the appeal with the Board, in part, because of the City's written and oral declarations that he was a state service employee. Indeed, even the administrative law judge mentioned estoppel in her recommendation to the Board. Therefore, due to the circumstances surrounding this matter, we cannot conclude that the City was wholly unaware that promissory estoppel was a theory of Warnimont's case.
With that stated, we will now discuss the merits of the City's argument that the trial court erred in finding that promissory estoppel should apply to allow Warnimont to file his appeal with the local civil service commission. In making its determination that the doctrine of equitable estoppel should apply to this case, the trial court relied upon Ruozzo v. Giles (1982),6 Ohio App.3d 8, wherein the Seventh District Court of Appeals held that equitable estoppel should apply against a government entity, "especially when an agent of government misinforms a person who is dealing with the government through that agent as to an existing right."
However, in Griffith v. J.C. Penney Co. (1986), 24 Ohio St.3d 112,113, the Supreme Court of Ohio reiterated its long-standing refusal to "apply principles of estoppel against the state, its agencies or its agents, under circumstances involving an exercise of governmental functions." Most importantly, the court accepted jurisdiction of Griffith based upon a certified conflict with theRuozzo decision. Thus, in finding that estoppel generally does not apply against the state, the Supreme Court of Ohio rejected the position advanced by the Seventh District Court of Appeals. Likewise, this court is mandated to reject the same.
Based upon the foregoing, we conclude that the trial court erred in finding that equitable estoppel applied against the City to allow Warnimont to file his appeal with the local civil service commission. Therefore, the City's assignment of error is sustained.
Having found error prejudicial to the Appellant and Cross-Appellee herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed insofar as it relates to the issue of promissory estoppel. Similarly, having found no error prejudicial to the Cross-Appellant, the judgment of the trial court is affirmed on the issue of the Board's jurisdiction.
Judgment affirmed in part and reversed in part.
HADLEY and SHAW, JJ., concur.