THE STATE, EX REL. WEAVER, *v.* WIETHE ET AL., HAMILTON COUNTY
BOARD OF ELECTIONS.

(No. 39809—Decided September 30, 1965.)

*Messrs. Goldman, Cole & Putnick*, and *Mr. Gene I. Mesh*, for relator.

*Mr. Melvin G. Rueger* and *Mr. Raymond C. Wetherell*, for respondent.

*Per Curiam.* The charter of Cincinnati (Section 4, Article IX) requires that ''all separate papers comprising a nominating petition shall *be assembled and filed * * * as one instrument * * *.*'' (Emphasis supplied.) Confronted with this explicit direction, relator attempted to circumvent it. Learning of the insufficiency of his original petition, he sought to withdraw it so that he might again assemble and file the separate papers thereof, together with other separate papers containing additional signatures sufficient to meet the minimum number required.

Failing this, relator's principal contention now is that by

filing a nominating petition at some time before the 60th day prior to the election, a prospective candidate acquires a continuing right to file additional petition papers until the tolling of the filing period and to have the total number of separate papers thus filed considered as "one instrument."

Although seemingly consonant with traditional notions of fair play, that contention is without merit because it ignores not only the plain language of the charter but also the burden of the board of elections in validating signatures and accounting for the priority of nominating petitions for the office in question. Notwithstanding that nine candidates are to be elected and that an elector may *vote* for as many as nine, Section 2, Article IX of the charter provides that "if any elector signs petitions for more than one candidate, his signature shall be invalid except as to the petition first filed."

If the board of elections were compelled to recognize continuous filing, what would constitute a "petition first filed?" Would the first or the last separate petition paper control the event? Or, would the first (or the last) separate petition paper containing the 500th valid signature determine the priority of the entire petition? It is readily apparent without detailed analysis that relator's contention would produce serious confusion.

Alternatively, relator urges that the additional petition papers be considered as "amendments or supplements" to the original nominating petition. Not only does this view lead to the same result previously considered, but it cannot prevail against the requirement contained in Section 1, Article IX of the charter that with respect to the election in question "the provisions of the general election laws of the state shall apply * * * except * * * as provision is otherwise made by this charter. * * *" Since the charter is silent upon the subject of additions or supplements to a nominating petition, subparagraph (I) of Section 3501.38 of the Revised Code (effective January 1, 1964) is dispositive of this issue and reads as follows:

"No alterations, corrections, or additions may be made to a petition after it is filed in a public office."

Finally, relator's argument that he had the right to withdraw his original petition must be rejected in the absence of a

clear duty specifically enjoined upon respondents either by charter or by statute to permit a withdrawal.

It is not inappropriate to republish here the admonition of the opinion in *State, ex rel. Ferguson,* v. *Brown, Secy. of State,* 173 Ohio St. 317, at page 321: "A candidate for nomination for public office * * * should follow the plain statutory directions with respect to the required * * * nominating petition; otherwise, there may be unfavorable and disappointing action taken by election officials." To this may be added the further admonition that if the action taken also *seems* unfair, the remedy lies in a corrective statutory or charter enactment, not with election officials or the courts who are equally bound to abide the clearly mandated result.

The demurrer is sustained and the writ denied.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.