16

THE STATE, EX REL. SVETE, *v.* BOARD OF ELECTIONS OF GEAUGA COUNTY ET AL.

(No. 39831—Decided October 20, 1965.)

*Messrs. Eardley & Wantz* and *Mr. Robert R. Wantz,* for relator.

*Mr. Edwin T. Hofstetter,* prosecuting attorney, for respondents.

*Per Curiam.* In this action, relator makes three contentions.

The first is that the board abused its discretion in deciding, contrary to the holding in *State, ex rel. Leslie,* v. *Duffy et al., Board of Elections of Cuyahoga County,* 164 Ohio St. 178, that

the failure to sign the jurat on the declaration of candidacy prior to the affixing of the signatures of the electors thereon did not invalidate the petition. However, since the decision in the *Leslie case*, Section 3513.261, Revised Code, has been amended to provide that where the petition consists of more than one separate petition paper, ''the statement of candidacy of the candidate named need be signed by the candidate and his affidavit thereto need be subscribed by him and executed on only one of such separate petition papers, *but the statement of candidacy so signed, subscribed, and executed shall be copied on each other separate petition paper before the signatures of electors are placed thereon. * * *''* (Emphasis added.)

Relator's second contention is that the board exceeded its authority when it invalidated the petition after the date prescribed in Section 3513.263, Revised Code. That section reads in part as follows:

''The nominating petitions of all candidates required to be filed before four p. m. of the ninetieth day before the day of the general election, shall be processed as follows:

''* * * *

''* * * all nominating petitions filed with a board of elections shall, under proper regulation, be open to public inspection until four p. m. of the eighty-fifth day before the day of such general election. Each board shall, not later than the eighty-fourth day before the day of such general election examine and determine the sufficiency of the signatures on the petition papers * * * filed with it and the validity or invalidity of petitions filed with it * * *.''

The board did not act on the relator's petition until the eightieth day before the general election, for the reason that it was not able to have a quorum before that date. The purpose of the statute is to get the board to act promptly. It was not designed to give validity to an invalid petition where not acted upon by the board within a definite period of time. The mere failure of the board to declare the petition void within the statutory time does not render the petition valid since the statute does not state that the petition shall be valid if not declared void by the board within the time named in the statute.

The relator's third contention is that since he was advised

18

by a deputy clerk that his petition papers appeared to be in proper order and in compliance with the statutes and rules of the board, the board is estopped to declare them invalid. This contention is without merit. Mistaken advise or opinion of an agent of a governmental body as to the validity of an instrument does not create an estoppel against a public official to declare the instrument invalid. 31 Corpus Juris Secundum 709, Estoppel, Interpretation of Law, Section 142.

A writ of mandamus is denied.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT SCHNEIDER and BROWN, JJ., concur.