THE STATE, EX REL. CLINK, *v.* SMITH, COUNTY AUDITOR.

(No. 68-516—Decided October 2, 1968.)

*Messrs. Fuhrman, Gertner, Britz & Barkan* and *Mr. Jack E. Gallon,* for relator.

*Mr. Harry A. Sargeant, Jr.,* prosecuting attorney, for respondent.

*Per Curiam.* The petition alleges, and respondent by his demurrer thereto admits, that relator filed a complete

and true text of the resolution with the county auditor. However, such resolution was not verified as required by Section 305.33, Revised Code, relating to referendums on resolutions passed by the county commissioners. This section reads as follows:

"Whoever files a referendum petition against any resolution shall, before circulating such petition, file a verified copy of the resoluton with the county auditor."

In *State, ex rel. Mika,* v. *Lemon,* 170 Ohio St. 1, a case involving a similar provision as to municipal initiative and referendum, it was held that a filing of a verified copy of the ordinance was mandatory.

The statute in the instant case requires that a verified copy of the resolution be filed with the county auditor.

"Verified" means supported by an affidavit as to the truth of the matters set forth; sworn to. *Osborn* v. *City of Whittier,* 103 Cal. App. 2d 609, 230 P. 2d 132, and *Agricultural Bond & Credit Corp.* v. *Courtenay Farmers Co-op. Assn.,* 64 N. D. 253, 251 N. W. 881.

Here, the statute provides not that a copy of the resolution be filed but that a *verified* copy be filed. If the General Assembly had so desired, it could have provided that only a simple copy by filed. However, it saw fit to require that such copy be verified.

Mandamus lies only to enforce a clear legal duty. If a verified copy is not filed with the auditor, as required by statute, he has no duty to certify the resolution because there has not been compliance with the statute. It is not for the auditor to determine that an unverified copy is sufficient where the statute requires a verified copy. There is no clear legal duty on the auditor.

The demurrer is sustained and final judgment is entered for the respondent.

*Demurrer sustained and writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District sitting for HERBERT, J.