The State, ex rel. Vanderwerf, *v.* Warren, Auditor, et al.

[Cite as State, ex rel. Vanderwerf, v. Warren, 20 Ohio St. 2d 9.]

(No. 69-558—Decided October 9, 1969.)

*Messrs. Alexander, Ebinger, Holschuch & Fisher* and *Mr. Robert B. McAlister,* for relator.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. George C. Smith,* for respondents.

SCHNEIDER, J.

## I.

Relator contends that the referendum petitions are invalid because the copy of the resolution which was filed with the county auditor prior to the circulation of the petitions was not verified by oath or affidavit. This was the meaning ascribed to the language of Section 305.33, Revised Code,* by our recent *per curiam* opinion in *State, ex rel. Clink,* v. *Smith,* 16 Ohio St. 2d 1.

At first glance, it would appear that *Clink* is dispositive of the instant case, since the similarities are more than casual. There, as here, the copy of the resolution which was filed with the county auditor was not sworn to or supplemented by an affidavit as to its correctness. Moreover, in neither case was the authenticity of the copy at issue.

But there are also significant differences between *Clink* and this case. There, the county auditor took the position that he had no duty to determine the accuracy of the unverified copy filed with him and consequently he had no duty, and hence refused, to certify the text to the board of elections. In denying the writ of mandamus in that case,

---

*Section 305.33, Revised Code: "Whoever files a referendum petition against any resolution shall, before circulating such petition, file a verified copy of the resolution with the county auditor."

we approved that view of the auditor's duty. However, in the case at bar, the county auditor was apparently satisfied that the text filed with him was a correct version of the resolution of the board of county commissioners. Although under no enforceable duty so to do, he did certify the text to the board of elections.

But there is an even more critical difference. In *Clink*, the relator in mandamus was the circulator of the referendum petition upon whom the statute imposes the duty to file a verified copy of the resolution. He sought relief in the face of his own failure to comply with the statute. In this case, the relator in prohibition is an opponent of the referendum and seeks relief in the face of the fact that, although on May 5, 1969, before the auditor certified the resolution to the board of elections, relator filed with the auditor a written objection to the validity of the referendum on several grounds, none of those grounds included an objection as to the unverified copy. Relator raised that objection for the first time in this action, which was filed after the final decision of the board of elections approving the submission of the referendum to the electors. By stipulation in this case, respondents reaffirmed and, more importantly, relator confirms the correctness of the copy of the resolution.

Clearly, the sole purpose of Section 305.33, Revised Code, is to assure, so far as is probable, that a true copy of the particular resolution which the circulators of a referendum petition wish to refer to an election is presented to the voters. We can perceive no valid reason to annul the referendum proceedings in this case, since the statutory purpose has unquestionably been accomplished.

It is not the apparent legislative intent that an unverified copy of the resolution filed with the county auditor is so critical a defect, *ipso facto*, as to void the referendum proceedings. Section 305.32, Revised Code, provides that each referendum petition or part petition shall contain only "a full and correct copy"—not a verified copy—of the title and text of the resolution sought to be referred. Compli-

ance with that statute could only be resolved upon proof, if the question of authenticity were raised, as, indeed, compliance with Section 305.33, Revised Code, must be resolved, if the same question of authenticity were raised as to a verified copy filed with a county auditor.

## II.

Relator maintains that the full title and text of the resolution were not correctly set forth on the petitions. The fact is that not only are the title and text of the resolution set forth, which relator concedes, but also certain proceedings of the commissioners relative thereto. The latter is mere surplusage and does not invalidate the petitions.

## III.

Relator contends that inasmuch as expense accounts with reference to the circulation of the referendum were filed by various corporations pursuant to Section 305.36, Revised Code, those corporations were the real circulators of the petitions. Therefore, he argues, the referendum petitions are invalid because they were not signed by the circulators. The difficulty with this argument is that Section 305.32, Revised Code, requires that the petitions shall contain an affidavit of those individuals who solicited the signatures thereon, not by those financially sponsoring the referendum. Relator concedes that the petitions were signed by the solicitors, who are exempt from the requirement to file a financial statement under Section 305.36, Revised Code, if they took no other part in circulating the petition. Both statutes contemplate two groups of individuals, i. e., solicitors and circulators. Circulators may also be solicitors, but they are required to file expense accounts as circulators. Solicitors, on the other hand, are not circulators if their activities are limited to soliciting signatures. And, if they are so limited, solicitors need not file an expense account. There is no defect in the referendum proceedings on this ground.

## IV.

Finally, relator maintains that since the resolution of the county commissioners levies a tax, it cannot constitu-

tionally be subject to a referendum. He refers to Section 1d of Article II of the Ohio Constitution which provides in pertinent part that "laws providing for tax levies . . . shall not be subject to the referendum."

Relator urges that, since Franklin County is a political subdivision of the state, the acts of its board of county commissioners are acts of the state. However, the constitutional provision referred to operates only upon laws enacted by the General Assembly and contains no prohibition against a referendum on a local issue. The referendum involved here is not directed to an act of the Legislature but to the act of the board of county commissioners pursuant to a statute authorizing the separate counties to levy a county sales tax. No claim is made that the enabling statute is repugnant to Section 26 of Article II of the Ohio Constitution. The writ of prohibition is denied.

*Writ denied.*

TAFT, C. J., MATTHIAS, O'NEILL, DUNCAN and CORRIGAN, JJ., concur.

HERBERT, J., concurs in the judgment only.