THE STATE, EX REL. DENNIS ET AL., *v.* MILLER ET AL., FULTON
COUNTY BOARD OF ELECTIONS.

[Cite as State, ex rel. Dennis, v. Miller (1971),
28 Ohio St. 2d 1.]

(No. 71-553—Decided October 6, 1971.)

2

Mr. *David P. Rupp, Jr.*, for relators.
Mr. *Richard B. McQuade, Jr.*, prosecuting attorney, for respondents.

*Per Curiam.* The issue is whether a referendum petition which had been declared valid by a board of elections is rendered invalid by the subsequent addition of another signature.

Relators contend that the subsequently added, and hence invalid, signature made the whole petition invalid. They cite R. C. 3501.38(I), which states: "No alterations, corrections, or additions may be made to a petition after it is filed in a public office." Relators also cite *State, ex rel. Weaver,* v. *Wiethe* (1965), 4 Ohio St. 2d 1, in which relator was not permitted to file additional signatures after the board of elections had determined that an insufficient number had been filed. *Weaver* does not require a writ

to issue where this addition (or deletion) does not affect the efficacy of the petition.

Relators argue that any result short of declaring the entire petition invalid would be contrary to the intent of the General Assembly. It is argued further that the only effective remedy to enforce the statute is to declare the entire petition invalid.

Respondents point out that R. C. 3311.22 requires a county superintendent of schools to submit a referendum petition to the board of elections to determine its sufficiency and argue that R. C. 3501.38(I) was enacted to prevent alteration of the petition between the time of its filing and when it receives the consideration of the board of elections. Respondents suggest that if changes made on a petition after it has been found sufficient will invalidate it, then opponents of an issue could seek to deliberately alter, and thus invalidate, the petition.

Only one paragraph in R. C. 3501.38 (paragraph [F]) makes any reference to the rejection of an entire petition which is in instances where the circulator "knowingly permits an unqualified person to sign." That is not the situation here.

It is not contended that there was fraud, deception or undue influence in connection with the preparation, circulation, signing, filing or validation of the petition.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.