THE STATE, EX REL. HUMBLE, *v.* BROWN, SECY. OF STATE,
ET AL.

(No. 77-1065—Decided October 13, 1977.)

*Mr. David W. Kuhn,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondent secretary of state.

*Mr. Gordon E. Bevens,* for respondent board of elections.

*Per Curiam.* Since this cause involves different petition forms with different alleged defects, each form will be discussed separately.

### Form No. 5-A.

The board of elections declared the part-petitions as completed on Form No. 5-A invalid for failure to comply with R. C. 4305.15, which states, in pertinent part:

"* * * Each separate petition paper shall contain an affidavit subscribed and sworn to or affirmed by the person who circulated such separate petition paper and obtained the signatures thereon, stating that the signatures were placed thereon in his presence and that they are the signatures of the persons whose signatures they purport to be. Such affidavit shall be attested by the person who administered such circulator's oath or affirmation."

Form No. 5-A does not contain an affidavit, but rather a "Statement of Circulator," beneath which the circulator states, *inter alia,* that the information on the part-petition is true to the best of his knowledge and belief "under penalty of election falsification."

However, this statement is not an affidavit as is clearly required by the statute. An affidavit is a written declaration under oath.

There is no doubt that the instant situation presents a bona fide effort by electors to exercise their constitutional right of initiative. These electors circulated petitions which

had been obtained in good faith from the board of elections, on forms prescribed by the Secretary of State.

However, the relevant law on this issue was stated by this court in *State, ex rel. Van Aken,* v. *Duffy* (1964), 176 Ohio St. 105, 107:

"Relator argues that the form of the petition which he used was prescribed by the Secretary of State of Ohio and given to him by the Board of Elections. Even though this be true, the petition to be valid must comply with the requirements of the statute."

Therefore, the board of elections did not abuse its discretion in declaring the part-petitions as completed on Form No. 5-A to be invalid.

### Form No. 5-C.

The board declared the part-petitions as completed on Form No. 5-C invalid "for failure to comply with the mandatory provision of Section 4305.15 [*sic* 4301.34] of the Ohio Revised Code which requires all local option petitions to contain an affidavit which *shall* be sworn to or affirmed by a circulator and the testimony of the notaries and circulators was to the effect that none of the circulators were asked to swear to or affirm the affidavit."

At the hearing before the board, the objectors, and evidently the board too, relied heavily on *State, ex rel. Evergreen Co.,* v. *Bd. of Elections* (1976), 48 Ohio St. 2d 29, wherein this court, at page 31, stated:

"Inasmuch as the provisions of R. C. 731.31 require each part-petition to contain an affidavit of the person soliciting the signatures and the facts here show that the circulators were not placed under oath, it follows that there was a failure to comply with R. C. 731.31."

At first glance, this case may appear controlling; however, a closer look reveals that *Evergreen* is easily distinguishable from the situation at bar.

In *Evergreen*, there was a signed statement on the part-petition by the circulator that he was "first duly sworn"; but, in the statement of the notary following that of the circulator there was only the language that "the foregoing instrument was *acknowledged* by me."

In the instant cause, the circulator stated in his affidavit that he was "first duly sworn"; further, the notary also stated, by his signature and seal, that the circulator's declaration was "subscribed and *sworn to* before me."

Thus the cases are quite different. In *Evergreen*, the part-petitions were deficient on their face. Here, the part-petitions were sufficient on their face; rather, it was the subsequent testimony of the notaries that caused the board to declare the part-petitions invalid.

It seems reasonable to infer that the circulators here had considered their declarations to be under oath for the following reasons: (1) each circulator took his declaration to a notary, a public official, (2) each circulator signed his declaration in the notary's presence, (3) each circulator's signed declaration contained the words "being first duly sworn," and (4) each attestation by the notaries contained the words "subscribed and sworn to before me."

In the absence of clear and convincing evidence of fraud, coercion or the like, the notarized document which is valid on its face should not be questioned as to its form. In the opinion of this court, no such clear and convincing evidence was here presented.

Therefore, for reason of the foregoing, a writ of mandamus shall issue against the respondents to declare the part-petitions as completed on Form No. 5-C valid and to proceed with an election on the issue of the sale of intoxicating liquors in November 1977. However, the request for a writ to issue against respondents to declare valid the part-petitions as completed on Form No. 5-A must be denied.

*Writ allowed in part and denied in part.*

O'NEILL, C. J., SWEENEY and LOCHER, JJ., concur.

HERBERT and CELEBREZZE, JJ., concur as to Form 5-C but dissent as to Form 5-A.

W. BROWN and P. BROWN, JJ., concur as to Form 5-A but dissent as to Form 5-C.