THE STATE, EX REL. HIRSHLER ET AL., *v.*
FRAZIER, MAYOR, ET AL.

[Cite as State, ex rel. Hirshler, v. Frazier (1980),
63 Ohio St. 2d 333.]

(No. 80-1086—Decided September 25, 1980.)

*Messrs. Sanford, Fisher, Fahey, Boyland, & Schwarzwalder, Mr. Theodore G. Fisher* and *Mr. Richard P. Fahey,* for relators.

*Mr. Robert N. Drake,* law director, and *Mr. Christopher R. Mayer,* for respondents.

*Per Curiam.*

The primary issue presented for our consideration is whether relators complied with R. C. 731.32, which provides:

"Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or files a referendum petition against any ordinance or measure shall, before circulating such petition, file a *verified* copy of the proposed ordinance or measure with the city auditor or the village clerk." (Emphasis added.)

"'Verified' means supported by an affidavit as to the truth of the matters set forth; sworn to." *State, ex rel. Clink,* v. *Smith* (1968), 16 Ohio St. 2d 1, 2. The village clerk in the instant cause did not "swear" to the authenticity of the ordinance, but did certify that the copy was true and exact. Although the requirement in R. C. 731.32 of filing a verified copy of the proposed ordinance is mandatory, *State, ex rel. Mika,* v. *Lemon* (1959), 170 Ohio St. 1, paragraph two of the syllabus, under the facts of this case, we are unable to discern any substantial difference between verification and certification.

"* * *[T]he manner of submission of municipal ordinances to a referendum vote should be so construed as to permit rather than preclude the exercise of the right conferred. The object clearly sought to be attained by such provisions [in the Constitution of Ohio] should be promoted rather than prevented or destructed." *State, ex rel. Middletown,* v. *City Commission of Middletown* (1942), 140 Ohio St. 368, paragraph one of the syllabus. See also *State, ex rel. Vanderwerf,* v. *Warren* (1969), 20 Ohio St. 2d 9, 11. Thus, in the case of this *referendum,* we allow the writ of mandamus.[1]

---

[1] An *amicus* brief was filed by Robert N. Kent and Gary Price, developers holding options on the property concerned in this action. They contend, *inter alia,* that ordinance No. 6-80 cannot be subject to a referendum since that ordinance is a result of an administrative action of the Granville city council, and not a legislative action. See *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1, 4. We disagree and, therefore, reject that argument.

Relators also request an award of attorney fees pursuant to R. C. 733.61.[2] Such an award is entirely within the discretion of this court. See *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402, 406. In this case, attorney fees will not be awarded to relators since there has not been demonstrated a sufficient benefit, tangible or intangible, bestowed on the public to warrant such an award. See *Billington* v. *Cotner* (1974), 37 Ohio St. 2d 17.

*Writ allowed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

LOCHER, J., concurring. I concur in the judgment and opinion of the *per curiam* decision and assert a further consideration therefor.

Pursuant to R. C. 731.29, this legislative amendment, Ordinance No. 6-80, would automatically have full force and effect 30 days after it was filed with the mayor of Granville if no valid referendum petition were submitted. Therefore, in a referendum matter, when time is of the essence and no other recourse is available to place this matter before the electorate, the granting of the writ is proper.

In fact, the question presented arises from the issuance of a certified rather than a verified copy of the ordinance from the clerk of council, who is a respondent herein.

The issuance of extraordinary writs should be granted circumspectly, but all factors considered in this case, the issuance of the extraordinary writ of mandamus is proper.

---

[2] R.C. 733.61 provides:

"If the court hearing a case under section 733.59 of the Revised Code is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."

This action is a taxpayer suit properly brought pursuant to R. C. 733.59.