THE STATE, EX REL. BRETTELL, *v.* CANESTRARO,
AUDITOR, ET AL.

[Cite as State, ex rel. Brettell, *v.* Canestraro (1987), 32 Ohio St. 3d 190.]

(No. 87-1050—Decided August 20, 1987.)

*Twyford & Donahey* and *Thomas L. Twyford,* for relator.

*Stephen M. Stern,* prosecuting attorney, for respondents Jefferson County Auditor and Board of Elections.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrew I. Sutter,* for respondent Secretary of State.

*Per Curiam.* Relator essentially argues that the filing of the "attested" copies of the resolutions with the auditor constitutes substantial compliance with the requirement of R.C. 305.33 to file verified copies, or alter-

natively, that relator's reliance upon the alleged misrepresentations of the clerk of the board of county commissioners was justifiable and will estop respondents from refusing certification of the resolutions. We refute relator's arguments based, first, on *State, ex rel. Clink,* v. *Smith* (1968), 16 Ohio St. 2d 1, 2, 45 O.O. 2d 1, 240 N.E. 2d 869, 870, in which we held that "verified," as used in R.C. 305.33, "means supported by an affidavit as to the truth of the matters set forth; sworn to." Here, the attestation of the three county commissioners, common to all resolutions and therefore to all copies of resolutions, does not satisfy this requirement.

Second, we reject relator's theory of justifiable reliance on authority of *State, ex rel. Svete,* v. *Bd. of Elections* (1965), 4 Ohio St. 2d 16, 18, 33 O.O. 2d 139, 140, 212 N.E. 2d 420, 421, in which we held that "[m]istaken advise

[*sic*] or opinion of an agent of a governmental body as to the validity of an instrument does not create an estoppel against a public official to declare the instrument invalid." Similarly, accepting relator's version of the alleged misrepresentations of the clerk of the board of county commissioners, such misrepresentations do not estop the respondent auditor from insisting on compliance with R.C. 305.33.

Thus, relator having failed to demonstrate that he has a clear legal right to the relief requested and that respondents are under a clear legal duty to perform the acts, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.