THE STATE, EX REL. WILLIAMS ET AL., *v.* IANNUCCI ET AL.

[Cite as State, ex rel. Williams, *v.* Iannucci (1988), 39 Ohio St. 3d 292.]

(No. 88-1662—Submitted October 19, 1988—Decided October 20, 1988.)

*Joseph R. Compoli, Jr.,* for relators.

*William P. McLain,* law director,

*James R. Ries* and *Richard L. James,* for respondent city auditor.

*James J. Misocky,* for respondent board of elections.

*Per Curiam.*

### I
### Municipal Proposal

We agree with relators that the respondent city auditor has exceeded his authority by refusing to certify the text of the municipal proposal to the respondent board of elections, and issue a limited writ with regard to the municipal proposal.

R.C. 731.28 through 731.41 govern initiative and referendum procedure in municipalities that have not adopted a different procedure by charter. R.C. 731.28 provides in part:

"When a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk shall, after ten days, certify the text of the proposed ordinance or measure to the board of elections. The auditor or clerk shall retain the petition.

"The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next succeeding general election, occurring subsequent to seventy-five days after the certifying of such initiative petition to the board of elections."

R.C. 731.34 makes clear the purpose of the ten-day holding period, stating in part:

"After a petition has been filed with the city auditor or village clerk it shall be kept open for public inspection for ten days."

The respondent auditor admits receiving the petitions in question and that there are sufficient signatures. He cites fifteen reasons for not having certified the text to the board of elections.

These include allegations of: (1) facial deficiencies of the petition or text of the proposed ordinance, (2) violation of R.C. 731.35 (lack of itemized statement required to be filed with auditor), and (3) unconstitutionality or illegality of the proposed ordinance.

In *State, ex rel. Walter,* v. *Edgar* (1984), 13 Ohio St. 3d 1, 13 OBR 377, 469 N.E. 2d 842, this court rejected, as premature, claims of a city auditor who, alleging the unconstitutionality of certain measures proposed in initiative petitions, refused to certify the measures to the board of elections. Although we did not there apply our reasoning to legal conclusions other than constitutionality, we do so now. There is no express or implied authority residing in a city auditor to pronounce judgment on the legality of a *proposed* ordinance. Even a court will not pronounce such a judgment. *State, ex rel. Williams,* v. *Brown* (1977), 52 Ohio St. 2d 13, 6 O.O. 3d 79, 368 N.E. 2d 838.

Moreover, we find a basic lack of authority for the auditor to refuse to certify the text of a proposed ordinance for any of the objections he has made. R.C. 731.28 prescribes a duty in the auditor to certify a proposal to the board of elections if "signed by the required number of electors * * *." It is undisputed that the petitions in question contain the requisite number of signatures. R.C. 3501.11(K) provides that boards of elections are to review the sufficiency and validity of petitions:

"Each board of elections shall * * *:

"* * *

"(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers * * *."

R.C. 731.28 requires boards of elections to submit proposed ordinances to the electors at the first general election occurring more than seventy-five days after certification by the auditor. We construe R.C. 731.28 to confer on the auditor only the ministerial duty to certify to the board of elections the text of a proposal for which sufficient signatures have been obtained. We construe R.C. 3501.11(K) to confer on boards of elections authority to review the sufficiency and validity of petitions under relevant statutes. Finally, R.C. 731.28 requires a board of elections to submit proposals to the electors, but only if the petitions are sufficient and valid and all relevant laws have been observed.

## II

### Township Proposal

Relators contend that since the "Auditor of Warren Township" has certified the proposed "ordinance" pursuant to R.C. 731.28, the board of elections has a clear duty to place it on the ballot. The board moves to dismiss, alleging that it has no duty to act.

First, we overrule the motion to dismiss. A motion to dismiss tests only the sufficiency of the complaint. The complaint merely alleges a clear duty on the respondent board to submit the proposal to the electorate. It cannot be said that under no circumstances could the relators prove such a duty. See *Slife* v. *Kundtz Properties, Inc.* (1974), 40 Ohio App. 2d 179, 69 O.O. 2d 178, 318 N.E. 2d 557.

However, proceeding to the merits of the complaint, we find that relators have not proven such a duty under these circumstances. Therefore, we deny the writ with respect to this proposal. The township proposal purports to be an amendment to the township zoning resolution, certified under R.C. 731.28. However, it is apparent that R.C. 731.28 through 731.41 apply only to *municipal corporations,* not townships, which are different political entities.

R.C. Chapter 519 provides for township zoning resolutions, and R.C. 519.12 specifically provides for their amendment. No procedure for an initiated amendment like that employed here is contained in R.C. 519.12. Relators urge this court to construe R.C. 731.28 *et seq.* to apply to townships on grounds of public policy. We decline to adopt this construction. To construe R.C. 731.28 *et seq.* to apply to townships would clearly be judicial legislation. Accordingly, the board of elections has no clear duty to submit this proposal to the electorate.

### III

We, therefore, deny the requested writ with regard to the township proposal. We issue a limited writ of mandamus ordering the respondent city auditor to certify the text of the proposed municipal ordinance to the respondent board of elections pursuant to R.C. 731.28 and ordering the respondent board of elections to review the sufficiency and validity of the petitions proposing the municipal ordinance pursuant to R.C. 3501.11(K) and other relevant statutes.

*Writ allowed in part and denied in part.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.