THE STATE, EX REL. SHAW ET AL., APPELLANTS,
*v.* LYNCH, CLERK OF COUNCIL, APPELLEE.

[Cite as *State, ex rel. Shaw, v. Lynch* (1991), 62 Ohio St.3d 174.]

(No. 91-95—Submitted September 10, 1991—Decided November 14, 1991.)

*Gareau & Dubelko Co., L.P.A., Michael R. Gareau* and *James M. Dubelko,* for appellants.

*Russell D. Provenza,* for appellee.

*Per Curiam.* Appellants, Richard C. Shaw and Dennis Sherba, seek a writ of mandamus to compel appellee, city of Avon Lake Clerk of Council Kathleen

Lynch, to certify referendum petitions on two proposed zoning ordinances to the Lorain County Board of Elections before the next general election. The Court of Appeals for Lorain County denied the writ because appellants had failed to file verified copies of the ordinances as required by former R.C. 731.32.[1] The court of appeals also held that Lynch was not estopped from asserting appellants' failure to file the verified copies.

For a writ of mandamus to issue, appellants must first show that they are entitled to appellee's performance of a clear legal duty. *State, ex rel. The Fairfield Leader, v. Ricketts* (1990), 56 Ohio St.3d 97, 102, 564 N.E.2d 486, 491. To establish that appellee has a duty to deliver the pertinent petitions to the board of elections, appellants argue that substantial compliance with former R.C. 731.32 is sufficient and that they substantially complied by filing "full and accurate" copies of these ordinances with appellee and the city finance director.

Appellants rely on *State, ex rel. Hirshler, v. Frazier* (1980), 63 Ohio St.2d 333, 17 O.O.3d 418, 410 N.E.2d 1253, in which we granted a writ of mandamus to compel a referendum election after holding that a certified copy of an ordinance was sufficient under former R.C. 731.32. They assert that *Hirshler* permits substantial compliance in this passage:

" ' "Verified" means supported by an affidavit as the truth of the matters set forth; sworn to.' *State, ex rel. Clink, v. Smith* (1968), 16 Ohio St.2d 1, 2 [45 O.O.2d 1, 2, 240 N.E.2d 869, 870]. The village clerk in the instant cause did not 'swear' to the authenticity of the ordinance, but did certify that the copy was true and exact. Although the requirement in R.C. 731.32 of filing a verified copy of the proposed ordinance is mandatory, *State, ex rel. Mika, v. Lemon* (1959), 170 Ohio St. 1 [9 O.O.2d 304, 161 N.E.2d 488], paragraph two of the syllabus, under the facts of this case, we are unable to discern any substantial difference between verification and certification." *Id.*, 63 Ohio St.2d at 334, 17 O.O.3d at 418, 410 N.E.2d at 1254.

Contrary to appellants' argument, however, we did not allow in *Hirshler* something less than complete compliance with former R.C. 731.32. We instead determined that certification was essentially the same as verification

---

1. The parties do not dispute that former R.C. 731.32 applies here under Section 13 of the Avon Lake Charter, which states that referendum rights shall be exercised in accordance with general laws absent a special charter provision. Former R.C. 731.32 provided:

"Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or files a referendum petition against any ordinance or measure shall, before circulating such petition, file a verified copy of the proposed ordinance or measure with the city auditor or the village clerk." (For current version of R.C. 731.32, see Am.H.B. No. 192, effective October 10, 1991.)

and, therefore, just as valid. Thus, *Hirshler* is consistent with paragraph two of the syllabus in *State, ex rel. Mika, v. Lemon* (1959), 170 Ohio St. 1, 9 O.O.2d 304, 161 N.E.2d 488, which states:

"The requirement of Section 731.32, Revised Code, * * * is mandatory, and in the absence of compliance therewith no duty falls upon the city clerk to receive and file with the board of elections a referendum petition otherwise valid." Accord *State, ex rel. Nimon, v. Springdale* (1966), 6 Ohio St.2d 1, 7, 35 O.O.2d 1, 4, 215 N.E.2d 592, 596.

The copies of the zoning ordinances filed here by appellants were neither verified nor certified. Thus, after considering all the preceding authority, the court of appeals held that appellee had no duty to certify and deliver appellants' referendum petitions to the board of elections. We read *Mika, Nimon, Clink* and *Hirshler* to virtually compel this result and, therefore, also hold that appellants' failure to file certified or verified copies of these ordinances relieves appellee of any duty to perform as requested.

Appellants next argue that appellee should be estopped from asserting their noncompliance with former R.C. 731.32 because she led them to believe that "full and accurate" copies would be sufficient. In response, appellee emphasizes the court of appeals' finding that she offered to certify copies of the ordinances for appellants and testimony suggesting that appellants may have relied on an attorney's advice that the verification requirement had been met. Appellee argues that appellants did not rely on her statements and, therefore, that estoppel does not apply.

The court of appeals rejected appellants' estoppel theory on the authority of *State, ex rel. Svete, v. Geauga Cty. Bd. of Elections* (1965), 4 Ohio St.2d 16, 33 O.O.2d 139, 212 N.E.2d 420, and *State, ex rel. Brettell, v. Canestraro* (1987), 32 Ohio St.3d 190, 513 N.E.2d 242. In *Svete*, we held that the mistaken advice of a board of elections deputy clerk as to the validity of an instrument did not estop the board from declaring the instrument invalid. In *Brettell*, we held that the alleged misrepresentation of a county clerk about the verification requirement in R.C. 305.33 did not estop the county auditor from insisting on strict compliance with the statute. Indeed, this court has routinely held that estoppel does not apply against election officials in the exercise of governmental functions. See *State, ex rel. Humble, v. Brown* (1977), 52 Ohio St.2d 9, 6 O.O.3d 77, 368 N.E.2d 294, and *Chevalier v. Brown* (1985), 17 Ohio St.3d 61, 17 OBR 64, 477 N.E.2d 623.

Appellants urge us to reject this precedent. However, we recently relied on *Svete, supra,* and its progeny in *State, ex rel. Van de Kerkhoff, v. Dowling* (1991), 61 Ohio St.3d 55, 572 N.E.2d 653, to hold that a city council clerk was not estopped from asserting the invalidity of a circulator's statement on a

petition form that the clerk had suggested for use. Therefore, we agree with the court of appeals that these cases prevent appellants from asserting estoppel against appellee.

Finally, appellants argue that appellee has no authority under the Avon Lake Charter to reject their petitions for lack of the verification required by former R.C. 731.32. Appellants apparently contend that compliance with former R.C. 731.32 is a quasi-judicial determination that is exclusively within the province of the board of elections to make.

Appellants acknowledge that Section 13(b), Chapter III of the Avon Lake Charter requires appellee to determine the sufficiency of referendum petitions and to certify and deliver sufficient petitions to the board of elections for submission to the electorate. However, they rely on *State, ex rel. Polcyn, v. Burkhart* (1973), 33 Ohio St.2d 7, 62 O.O.2d 202, 292 N.E.2d 883, to argue that city council clerks are authorized only to determine whether petitions contain the required number of valid signatures, and *State, ex rel. Williams, v. Iannucci* (1988), 39 Ohio St.3d 292, 530 N.E.2d 869, to argue that the board of elections is to decide if petition papers otherwise comply with elections laws.

In *Polcyn* we held that a city council could not reject as insufficient initiative petitions for a charter amendment that did not restate the amendment with complete accuracy. We explained that this was a substantive error that required a judicial determination as to whether the error could have misled the petition signers. However, we also recognized a city council's authority to review petitions for procedural inadequacies, and the inadequacy here, the absence of verification or certification, is procedural. Cf. *State, ex rel. Daniels, v. Portsmouth* (1939), 136 Ohio St. 15, 15 O.O. 336, 22 N.E.2d 913 (council may reject as insufficient petitions that do not identify circulating committee as required by charter). Thus, appellee's rejection of appellants' petitions is consistent with *Polcyn*.

In *Iannucci, supra,* we said that only boards of elections may review the sufficiency and validity of petitions papers, but we did so in construing R.C. 3501.11(K). *Id.,* 39 Ohio St.3d at 294, 530 N.E.2d at 870–871. Section 13(b), Chapter III of the Avon Lake Charter conflicts with R.C. 3501.11(K) by giving appellee the responsibility also to review the sufficiency of referendum petitions. As charter provisions supersede conflicting statutes, *State, ex rel. Bardo, v. Lyndhurst* (1988), 37 Ohio St.3d 106, 108–109, 524 N.E.2d 447, 450, neither *Iannucci* nor R.C. 3501.11(K) applies here.

Based on the foregoing, appellants have failed to establish that appellee has a duty to certify and deliver their referendum petitions to the board of

elections. Accordingly, the court of appeals judgment denying a writ of mandamus is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.