OPINION *Page 2 
{¶ 1} Relator has filed a Complaint for the issuance of a Writ of Mandamus compelling Respondent, Alexander Zumbar, City of North Canton Finance Director, to certify and submit an initiative petition to the Stark County Board of Elections. The Complaint contained a request for an expedited hearing which was granted and held on August 21, 2008. Respondents have filed a Motion to Dismiss and were represented by counsel at the hearing on this matter.
 {¶ 2} Relator presented a document titled "Initiative Petition" to Respondent Zumbar. The petition was presented to the Stark County Board of Elections who verified the signatures and returned the petition to Respondent. By letter dated August 18, 2008, Respondent advised Petitioner the petition was not approved and would not be certified to the Board of Elections.
 {¶ 3} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977), 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 4} We find Relator does not have a clear legal right to the relief prayed for nor do Respondents have a clear legal duty to perform the requested act.
 {¶ 5} Relator relies on R.C. 731.28 and State, ex rel. Williams v.Iannucci (1988), 39 Ohio St.3d 292. Respondents suggest the holding inIannucci was *Page 3 
superseded by a 1991 amendment to R.C. 731.28. In State, ex rel. Sinay,et al. v. Sodders (1997), 80 Ohio St.3d 224, the Supreme Court addressed the differences in R.C. 731.28 before and after the 1991 amendment stating,
 {¶ 6} "Prior to the enactment of Am. Sub. H.B. No. 192, effective October 10, 1991, R.C. 731.28 provided in pertinent part:
 {¶ 7} `Where a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk shall, after ten days, certify the text of the proposed ordinance or measure to the board of elections. The auditor or clerk shall retain the petition.
 {¶ 8} "The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next succeeding general election, occurring subsequent to seventy-five days after the certifying of such initiative petition to the board of elections." (138 Ohio Laws, Part II, 4619.)
 {¶ 9} Under this version of R.C. 731.28, the municipal official had only a ministerial duty to certify to the board of elections the text of a proposal for which sufficient signatures had been obtained, whereas the board of elections had authority under R.C. 3501.11 (K) to review the sufficiency and validity of the petition. See, e.g., State ex rel.Williams v. lannucci (1988), 39 Ohio St.3d 292, 294, 530 N.E.2d 869,870-871.
 {¶ 10} But, effective October 10, 1991, R.C. 731.28 was amended to modify the requirements pertaining to municipal initiative petitions. See, Am. Sub. H.B. No. 192, which similarly amended the requirements concerning municipal referendum petitions in R.C. 731.29. (144 Ohio Laws, Part II, 3460-3461.) Am. Sub. H.B. No. 192 afforded city *Page 4 
auditors and village clerks' discretionary authority to determine the sufficiency and validity of municipal initiative and referendum petitions.'" Sodders at 229-230.
 {¶ 11} The current version of the statute vests the auditor with the authority to determine the sufficiency and validity of the proposed initiative or petition; however, the auditor's discretion is limited to defects apparent from the face of the proposed initiative or petition.Sodders at 231. Mandamus will only lie where an abuse of discretion is demonstrated. Id. The term "abuse of discretion" indicates an unreasonable, arbitrary, or unconscionable attitude. State ex rel.Bitter v. Missig (1995), 72 Ohio St.3d 249, 253, 648 N.E.2d 1355, 1358.
 {¶ 12} Sections 5 and 6 of the "Initiative Petition" state,
 {¶ 13} "Section 5: That the Director of Finance shall return the current balance of $1,100,000 presently in an escrow fund earmarked to be paid to the NCCIC over the next eleven years to the City's General Fund to help meet projected budget shortfalls and help fund needed infrastructure projects.
 {¶ 14} Section 6: That all previous legislation inconsistent with this ordinance and specifically Ordinance No. 66-05 and 67-06 be null and void."
 {¶ 15} The parties stipulated at the hearing in this matter that Ordinance No. 66-05 and 67-06 were enacted almost three years ago.
 {¶ 16} The purpose of the "Initiative Petition" is apparent from the plain reading of Sections 5 and 6. It is evident, on the face of the petition, Relator actually is seeking a referendum of Ordinance Nos. 66-05 and 67-06. R.C. 731.29 requires a petition for referendum to be filed within thirty days after the ordinance is filed or passed. The *Page 5 
parties agree, as does the Court, that a referendum petition related to Ordinance Nos. 66-05 and 67-06 is untimely.
 {¶ 17} Because it is apparent from the face of the petition that the petition is a referendum and a petition for referendum is untimely, the decision to refuse to certify the petition fell within the discretion of the auditor/finance director. Respondent Zumbar did not abuse his discretion by refusing to certify the petition because he found the petition to be an untimely referendum.
 {¶ 18} WRIT
 {¶ 19} COSTS TO RELATOR.
 Farmer, P.J., Wise, J. and Edwards, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby denied. Costs taxed to Relator. *Page 1