[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn.,* Slip Opinion No. 2020-Ohio-40.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-40

THE STATE EX REL. DUNN ET AL. *v.* PLAIN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn.,* Slip Opinion No. 2020-Ohio-40.]**

*Mandamus—Elections—Writ of mandamus sought to compel local school board to forward petition under R.C. 3311.242 to county board of elections— R.C. 3311.242(C) requires school board to forward petition—Writ granted.*

(No. 2019-1723—Submitted January 7, 2020—Decided January 9, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relators, nine residents of the village of Hills and Dales,[1] seek a writ of mandamus to compel respondent, the Plain Local

_____

1. Relators are Patrick M. Dunn, Michele M. Dunn, Eric J. Reckenbeil, Kimberly L. Reckenbeil, Paul Bishop, Jane Bishop, Caryn L. Peterson, Roger DeVille, and Andria Sinclair.

School District Board of Education ("the Plain Local school board"), to forward to the Stark County Board of Elections a petition proposing the transfer of some of Plain Local School District's territory to Jackson Local School District. We grant the writ.

**Background**

{¶ 2} R.C. 3311.242 allows certain qualified electors to propose the transfer of the territory in which they reside from one school district to another. As we explained in *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, __ Ohio St.3d __, 2019-Ohio-5160, __ N.E.3d __, ¶ 3, R.C. 3311.242 establishes a multistep process for the placement of a transfer proposal on an election ballot. First, at least 10 percent of the qualified electors who voted in the last general election must submit a petition to their current school board. R.C. 3311.242(C). The school board then must cause the board of elections to check the sufficiency of the signatures on the petition. *Id.* If the board of elections verifies the signatures and certifies the petition back to the school board, the school board must (1) file the proposal and a map of the territory to be transferred with the State Board of Education and (2) certify the proposal to the board of elections for placement on the ballot at the next election occurring not less than 90 days after the date of the school board's certification. R.C. 3311.242(B), (C).

{¶ 3} On October 29, 2019, a petition was delivered to the Plain Local school board proposing the transfer of the village's territory from Plain Local School District to Jackson Local School District beginning in the 2020-2021 school year. The petition sought to have the proposal placed on the March 17, 2020 primary-election ballot. Under R.C. 3311.242(B)(2), the Plain Local school board was required to certify the proposal to the board of elections by December 18, 2019, in order for the proposal to be placed on the March 17, 2020 ballot.

{¶ 4} At a meeting on November 20, 2019, the Plain Local school board adopted a resolution tabling the petition. The resolution explained that the Plain Local school board had filed a lawsuit in federal court challenging the

constitutionality of R.C. 3311.242. In its resolution, the Plain Local school board stated that it will not act on the petition until there is a final determination of its claims in federal court.

{¶ 5} On December 3, the village filed an original action in this court seeking a writ of mandamus to compel the Plain Local school board to perform its duties under R.C. 3311.242. We held that the village lacked standing and dismissed the complaint. On December 16, relators filed this original action seeking the same mandamus relief against the Plain Local school board. We granted relators' motion for an expedited case schedule, and the case is now fully briefed.

### Laches analysis

{¶ 6} The Plain Local school board argues that relators' claim is barred under the doctrine of laches. We have applied laches in elections cases, which require relators to exhibit "[e]xtreme diligence and promptness." *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections*, 86 Ohio St.3d 107, 113, 712 N.E.2d 696 (1999). "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).

{¶ 7} We need not decide whether relators unreasonably delayed in filing this action because the Plain Local school board has not established the fourth element of laches—prejudice to the opposing party. The Plain Local school board argues that it has been prejudiced because relators' delay caused this case to be expedited, but even if relators had filed this action on November 21—the day after the Plain Local school board's resolution—it still would have been necessary to expedite this matter so that it could be decided before the December 18 deadline. Because the Plain Local school board has not shown that it has been harmed, laches does not apply in this case.

**Mandamus analysis**

{¶ 8} To be entitled to a writ of mandamus, relators must prove, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the Plain Local school board to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Given that relators seek to have their proposal placed on the March 17 primary-election ballot, they lack an adequate remedy in the ordinary course of the law. *See State ex rel. Ohio Liberty Council v. Brunner*, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 27. Therefore, the dispositive questions are whether relators have established a clear legal right to the requested relief and a clear legal duty on the part of the Plain Local school board to provide it.

{¶ 9} R.C. 3311.242(C) clearly requires the Plain Local school board to cause the board of elections to check the sufficiency of the signatures on relators' petition. The statute provides that "[u]pon receiving a petition of transfer signed by at least ten per cent of qualified electors voting at the last general election, the board of education shall cause the board of elections to check the sufficiency of signatures on the petition." When considering a similar provision in *State ex rel. Lavelle v. Dailey*, we stated that a school board "must" send a petition to the board of elections for a determination of the sufficiency of the signatures. 177 Ohio St. 25, 26-27, 201 N.E.2d 599 (1964) (applying former R.C. 3311.231).

{¶ 10} In *Lavelle*, a school board had satisfied its initial duty to send a petition to a board of elections to check the sufficiency of signatures, but upon receiving the board of elections' certification, the school board refused to certify the proposal back to the board of elections for placement on the ballot because the school board believed that the petition was not valid. *Id*. at 25. We held that the governing statute—which provided that the school board "shall promptly certify the proposal to the board of elections"—established a duty on the part of the school board. *Id*. at 26-

27. We issued a writ of mandamus because "[n]o discretion [was] placed in the board of education." *Id.* at 27.

{¶ 11} We reached a similar conclusion when interpreting a prior version of R.C. 731.28, which applies to initiative petitions. Prior to 1991 amendments, R.C. 731.28 provided that when an initiative petition is filed with a city auditor or village clerk and signed by the required number of electors, "such auditor or clerk shall, after ten days, certify the text of the proposed ordinance or measure to the board of elections." 138 Ohio Laws, Part II, 4619. We held that this language established a ministerial duty on the part of the municipal official. *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 230, 685 N.E.2d 754 (1997), citing *State ex rel. Williams v. Iannucci*, 39 Ohio St.3d 292, 294, 530 N.E.2d 869 (1988).

{¶ 12} Again, R.C. 3311.242(C) provides that "[u]pon receiving a petition of transfer signed by at least ten per cent of qualified electors voting at the last general election, the board of education *shall* cause the board of elections to check the sufficiency of signatures on the petition." (Emphasis added.) This language imposes a ministerial duty on a school board to forward a transfer petition to the appropriate board of elections for it to determine the sufficiency of the signatures on the petition.

{¶ 13} Once the Plain Local school board received relators' petition, it was authorized only to examine whether it appeared to be a transfer petition under R.C. 3311.242 and whether the petition was signed by what appeared to be at least 10 percent of the qualified electors. The Plain Local school board does not argue that the petition contains an insufficient number of signatures, but it does suggest that the petition is an initiative petition under R.C. 731.31, not a transfer petition under R.C. 3311.242. Relators concede that they used "Form No. 6-I," a form for initiative petitions available from the Secretary of State's website, because the Secretary of State has not created a form for transfer petitions under R.C. 3311.242.

{¶ 14} Relators' use of Form No. 6-I does make some parts of the petition puzzling. For instance, it is labeled as an "initiative petition" and is addressed "[t]o

the Village Clerk of the Village of Hills and Dales, Stark County, Ohio" rather than to the Plain Local school board. But the petition quotes R.C. 3311.242 in its entirety and clearly states that the electors signing it seek to submit to voters in the March 2020 primary the proposal "that the territory bound by the geographic limits of Hills and Dales Village be transferred from Plain [Local School District] to Jackson [Local School District] according to O.R.C. 3311.242 and [that] the transfer be effective for the beginning of the 2020-2021 school year." Moreover, the Plain Local school board clearly knew that the petition was a transfer petition under R.C. 3311.242 because its November 20 resolution identified it as such. Therefore, despite the use of an inappropriate form, relators' petition, on its face, is a transfer petition under R.C. 3311.242 and the Plain Local school board had a clear legal duty to forward it to the board of elections.

{¶ 15} But the Plain Local school board also argues that relators have no clear legal right to the relief they seek because relators failed to strictly comply with applicable election laws and because R.C. 3311.242 was improperly enacted. These arguments wrongly assume that the Plain Local school board may exercise discretion to refuse to submit a petition to the board of elections based on the school board's own determination that the petition is invalid or that R.C. 3311.242 is unenforceable. As discussed, R.C. 3311.242(C) establishes a *ministerial* duty on the part of the Plain Local school board to act. The statute does not empower a school board to determine the validity of a petition. Nor does it authorize a school board to determine that the statute itself is unconstitutional or unenforceable. Therefore, the Plain Local school board's substantive challenges to the petition cannot extinguish relators' clear right to mandamus relief in this case.

{¶ 16} In addition, the Plain Local school board argues that it "has only tabled the petition pending resolution of the Federal Lawsuit" and that "it has no clear duty to facilitate Relators' desire to have the proposal be considered in the March 2020 election." In short, the Plain Local school board suggests that it may delay

indefinitely so long as it does not outright refuse to perform its duty under R.C. 3311.242(C). Although it is true that R.C. 3311.242(C) does not describe the time by which a school board must act, the Plain Local school board provides no support for its argument that the absence of such language allows it to disregard a ripe legal duty.

{¶ 17} Finally, the Plain Local school board argues that even if relators are otherwise entitled to a writ of mandamus, relief still is not warranted here because, it says, *the board of elections* ultimately will be required to keep the transfer proposal off the March 2020 ballot because the December 18 deadline has passed and the petition itself is invalid. We reject this argument because the issues raised by the Plain Local school board are not justiciable in this case.

{¶ 18} "To be justiciable, a claim must be ripe for review, and a claim is not ripe 'if it rests on contingent events that may never occur at all.' " *State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, 99 N.E.3d 362, ¶ 37, quoting *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-5752, 73 N.E.3d 463, ¶ 21. In *Quinn*, we held that an issue was not ripe because the Secretary of State had not yet issued a tie-breaking vote on a protest. *Id.*; *see also* R.C. 3501.11(X). Although the Plain Local school board questions both whether we have the authority to grant relief for the March 2020 election now that the December 18 deadline has passed and whether the petition itself is valid, those issues will arise only if the board of elections certifies that the transfer petition was signed by a sufficient number of qualified electors. As in *Quinn*, the issues the Plain Local school board raises are not yet ripe, because they are contingent on a decision that has not yet been made.

{¶ 19} We therefore grant a writ of mandamus on the sole issue that is ripe for our determination and order the Plain Local school board to cause the Stark County Board of Elections to check the sufficiency of the signatures on the petition.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Scott M. Zurakowski, Owen J. Rarric, Joseph J. Pasquarella, and Amanda M. Connelly, for relators.

Ulmer & Berne, L.L.P., Amanda Martinsek, William D. Edwards, Daniela Paez, Trevor J. Hardy, Rex A. Littrell, and Rachael Rodman, for respondent.

———————————