THE STATE EX REL. RESIDENTS' INITIATIVE VOTING ALLIANCE
ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY BOARD OF
ELECTIONS ET AL., APPELLEES.

[Cite as *State ex rel. Residents' Initiative Voting
Alliance v. Cuyahoga Cty. Bd. of Elections,*
108 Ohio St.3d 125, 2005-Ohio-5547.]

(No. 2005–1086—Submitted October 12, 2005—Decided October 21, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel a board of elections to validate a petition and place a tax-levy decrease on the November 8, 2005 election ballot.

{¶ 2} On March 2, 2004, voters in appellee Cleveland Heights–University Heights City School District approved an 8.5–mill tax levy. Appellant Residents' Initiative Voting Alliance ("RIVA") is a committee of school district electors designated to circulate a petition pursuant to R.C. 5705.261 to decrease the tax levy to zero.

{¶ 3} On July 2, 2004, RIVA submitted to appellee Cuyahoga County Board of Elections a petition containing 2,149 signatures. The petition requested "an election on the question of decreasing the increased rate of the levy which was approved at the election held on" March 2, 2004, with the requested decrease being from 8.5 mills to zero mills.

{¶ 4} At its September 8, 2004 regular meeting, the board of elections considered the sufficiency of the petition. The board determined that the petition did not contain a sufficient number of valid signatures to place the issue on the November 2, 2004 election ballot.

{¶ 5} On November 12, 2004, appellants, RIVA, its chairman, and various members (collectively "RIVA"), filed a complaint in the Court of Appeals for Cuyahoga County. RIVA requested a writ of mandamus to compel the board of elections to validate its referendum petition and to submit the proposed tax-levy decrease to the school district electors at the November 8, 2005 general election.

RIVA challenged the board of elections' September 8, 2004 determination. On December 6, 2004, the board of elections answered and moved for summary judgment. The school district was permitted to intervene as an additional respondent and filed an answer. RIVA did not file a timely memorandum in opposition to the board's motion for summary judgment.

{¶ 6} On May 5, 2005, the court of appeals held that laches barred RIVA's claim for a writ of mandamus, granted the board's motion for summary judgment, and denied the writ.

{¶ 7} In its appeal as of right, RIVA asserts that the court of appeals erred in denying the writ based on laches.

{¶ 8} We agree with the court of appeals that laches bars RIVA's claim. "We have consistently required relators in election cases to act with the utmost diligence." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. " 'If relators do not act with the required promptness, laches may bar the action for extraordinary relief in an election-related matter.' " *State ex rel. Miller v. Cuyahoga Cty. Bd. of Elections*, 103 Ohio St.3d 477, 2004-Ohio-5532, 817 N.E.2d 1, ¶ 21, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 12.

{¶ 9} RIVA failed to act with the required diligence by waiting 65 days to challenge the board's September 8, 2004 decision. In fact, RIVA's action was filed 10 days *after* the November 2, 2004 election. See *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 11, quoting *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 468, 746 N.E.2d 1115 (" 'When the election has passed, as it has here, the action for extraordinary relief or an appeal from a judgment in the extraordinary-writ action is moot' "). If RIVA had observed its duty to act promptly, it would have filed an action shortly after the September 8, 2004 board decision and before the November 2, 2004 election, at which RIVA first intended that the referendum issue be submitted. See *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 189, 724 N.E.2d 775 ("we have held that a delay as brief as *nine days* can preclude our consideration of the merits of an expedited election case" [emphasis sic]).

{¶ 10} RIVA does not disagree with this general precedent. Instead, it claims that because its petition was filed pursuant to R.C. 5705.261, an exception to laches applies. RIVA relies on our decision in *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1993), 67 Ohio St.3d 134, 616 N.E.2d 869, to assert this exception. RIVA's argument fails for the following reasons.

{¶ 11} First, *Citizens* is inapposite. In that case, we granted a writ of mandamus to compel a board of elections to submit a levy-decrease issue under

R.C. 5705.261 to an election following the one for which it was originally intended. But in that case, the relators had filed their action before the original election, and the parties later stipulated that the board had made a mistake in calculating the number of valid signatures on the referendum petition. By contrast, RIVA did not file an action for a writ of mandamus before the election, and the parties have not stipulated to any mistake in the board's sufficiency determination.

{¶ 12} Second, in *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections* (2001), 93 Ohio St.3d 592, 595–597, 757 N.E.2d 1135, a post-*Citizens* decision, we denied a writ of prohibition to prevent the submission under R.C. 5705.261 of issues proposing the repeal of voter-approved school-district tax levies to the electorate because the petitioner had waited 34 days to file his prohibition action. RIVA waited significantly longer—and until after the election—to file its mandamus action.

{¶ 13} Third, as the court of appeals noted, RIVA did not even exercise the required diligence *after* it filed its mandamus action, because it failed to timely respond to the board's summary judgment motion. In fact, RIVA has not even acted with the requisite promptness in pursuing this appeal. It waited 46 days to appeal the court of appeals' judgment and 41 days after the record was transmitted to file its merit brief and move for expedited consideration. RIVA then waited the full 20 days to submit a reply brief to appellees' merit briefs. See S.Ct.Prac.R. VI(4)(A). We have held that comparable dilatory action by election-case appellants renders the appeal barred by laches. See *State ex rel. Hills Communities, Inc.,* 91 Ohio St.3d at 467, 746 N.E.2d 1115 (appellant in election case delayed 47 days to appeal court of appeals' judgment and 46 days after the record was transmitted to file its merit brief). This additional dilatory conduct by RIVA after it appealed the court of appeals' judgment prejudiced the board of elections' ability to prepare, print, and distribute appropriate ballots because of the expiration of the time for providing absentee ballots for the November 8, 2005 election at which appellants seek to submit the issue to the voters. Cf. *State ex rel. Newell,* 93 Ohio St.3d at 596, 757 N.E.2d 1135; R.C. 3509.01.

{¶ 14} Moreover, RIVA erroneously argues that laches does not bar its mandamus action because by the time the board of elections ruled on September 8, 2004, that the petition was insufficient under R.C. 5705.261 and 3501.02(F) the next available election would have been on November 8, 2005, not November 2, 2004. R.C. 5705.261 specifies that "[t]he question of decrease of an increased rate of levy approved for a continuing period of time by the voters of a subdivision may be initiated by the filing of a petition with the board of elections of the proper county not less than seventy-five days before the general election in any year requesting that an election be held on such question." Then, once the board determines that the petition is valid, it must "submit the question to the

electors of the district at the succeeding general election." Id. Therefore, because RIVA filed the petition with the board on July 2, 2004, which was more than 75 days before the November 2, 2004 election, the board would have been required under R.C. 5705.261 to submit the issue to the electors "at the succeeding general election," i.e., November 2, *2004*, if it had found the petition sufficient on September 8.

{¶ 15} R.C. 3501.02(F) generally requires that "[a]ny question or issue, except a candidacy, to be voted upon at an election shall be certified, for placement upon the ballot, to the board of elections not later than four p.m. of the seventy-fifth day before the day of the election." It does not preclude a referendum issue submitted to the board of elections more than 75 days before an election from being placed on that election ballot merely because the board does not finish its sufficiency determination until less than 75 days before that election. And insofar as R.C. 3501.02(F) could possibly conflict with R.C. 5705.261, the more specific provision—R.C. 5705.261—controls. See *State ex rel. Slagle v. Rogers*, 103 Ohio St.3d 89, 2004-Ohio-4354, 814 N.E.2d 55, ¶ 14, quoting *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 429, 627 N.E.2d 993 (" 'when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply' "); see, also, *State ex rel. South–Western City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Elections*, Franklin App. No. 04AP–869, 2004-Ohio-4893, 2004 WL 2070539, fn. 1, opining that R.C. 5705.217, which applies to district tax levies held at a special election, would control over R.C. 3501.02.

{¶ 16} Finally, as the court of appeals concluded, RIVA's contention that the board's alleged negligence and unclean hands should prevent application of laches "is unpersuasive when the relators did not attempt to commence the mandamus action until after the election." Many of the purported errors that RIVA claims the board of elections committed, e.g., lack of reasonable notice of the September 8, 2004 board meeting, the denial of an opportunity to present evidence at the September 8 board meeting, and the invalidation of certain part-petitions, could have been raised by RIVA in a court action *before* the November 2, 2004 election. But RIVA failed to do so. In addition, none of RIVA's dilatory conduct *after* filing this appeal is attributable to any purported negligence or unclean hands on the part of the board.

{¶ 17} Based on the foregoing, the court of appeals correctly held that laches barred RIVA's mandamus claim. As that court cogently observed, "[i]t is sound public policy to compel the parties to exercise extreme diligence in election matters so that the election issue is fully resolved within the time period for the targeted election. Allowing an exception for R.C. 5705.261 elections, so that

those matters may linger until the next election or even indefinitely, contradicts that policy." Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Resnick, Lundberg Stratton, O'Donnell and Lanzinger, JJ., concur.

Pfeifer, J., concurs in judgment only.

O'Connor, J., not participating.

---

**Pfeifer, J., concurring in judgment only.**

{¶ 18} I would not rely on laches to decide this case. I would deny the writ pursuant to this court's decision in *State ex rel. Choices for South–Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582. As in *South–Western*, "the levy-repeal question presented by relators' petition exceeded the scope of R.C. 5705.217 and 5705.261."

---

Phillips & Co., L.P.A., and Gerald W. Phillips, for appellants.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellee Cuyahoga County Board of Elections.

Ulmer & Berne, L.L.P., Michael N. Ungar, and Yelena Boxer, for appellee Cleveland Heights–University Heights City School District.