[Cite as *State ex rel. Robinson v. Adult Parole Auth.*, 2019-Ohio-1424.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jackie N. Robinson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-959 |
| Ohio Adult Parole Authority and its Chief, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on April 16, 2019

**On brief:** *Jackie N. Robinson,* pro se.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Jackie N. Robinson, an inmate of the Lake Erie Correctional Institution, seeks a writ of mandamus ordering respondent, Ohio Adult Parole Authority and its Chief, to credit him with jail time served while awaiting a parole revocation hearing and for time served on an expired burglary conviction. For the reasons that follow, we adopt the magistrate's decision and sua sponte dismiss this action.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Robinson filed this original action in mandamus on December 14, 2018. This Court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On January 2, 2019, the magistrate issued a decision, including findings of facts and conclusions of law, which is appended hereto. The magistrate determined, although Robinson had filed an affidavit of indigency at the time he filed this action, he had not attached as required by R.C. 2969.25(C)(1) a certified copy of the institutional cashier's statement setting forth the balance in Robinson's inmate

account for each of the six months preceding the filing of his complaint. The magistrate concluded Robinson had not satisfied the mandatory filing requirements of R.C. 2969.25(C) and this action be dismissed.

{¶ 3}   Robinson timely filed an objection to the magistrate's decision.

**II. OBJECTION**

{¶ 4}   Robinson stated his objection as follows:

> Mr. Robinson, specifically objects to the magistrate[']s erroneous findings and legal conclusions.

**III.  LAW AND DISCUSSION**

{¶ 5}   Robinson has not provided legal arguments based in the requirements of the statute to support why he objects to the magistrate's findings of facts and conclusions of law. He has simply stated that "[t]he magistrate has not made [a] fair judgment in this matter." (Jan. 11, 2019 Obj. to Mag. Decision at 2.) Robinson asserts that the clerk of this Court "would not have filed his complaint if it were not proper." *Id.* He also argues that any failure to comply with the requirements of R.C. 2969.25(C) was not his fault because he filed the only forms prison officials provided to him. *Id.*

{¶ 6}   Robinson's arguments do not provide us with a basis to examine his objection to the magistrate's decision. While he argues that he relied on the paperwork prison officials provided to him, it is well-settled in the law that he was obligated to investigate, learn, or know the law governing the process by which he sought to avail himself of legal relief; he could not choose to rely on the advice or instruction of a government employee and did so at his own risk. *See State ex rel. Sturgill v. Lorain Cty. Bd. of Elections*, 164 Ohio App.3d 272, 2005-Ohio-5660, ¶ 8 (9th Dist.). "To hold otherwise would permit the advice of [government] representatives * * * to take precedence over the enacted law of the General Assembly." *State ex rel. Donegan v. Cuyahoga Cty. Bd. of Elections*, 136 Ohio App.3d 589, 595 (8th Dist.2000).

{¶ 7}   Division (C) of R.C. 2969.25 provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees

and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency *shall contain all of the following*:

(1) *A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier*;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

(Emphasis added.)

{¶ 8} It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory, and it cannot be cured after the fact. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. Failure to comply fully with R.C. 2969.25(C) warrants dismissal of the complaint. *See, e.g., State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, citing *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5; *State ex rel. Pamer v. Collier,* 108 Ohio Std.3d 492, 493, 2006-Ohio-1507, ¶ 5, citing *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, ¶ 5.

{¶ 9} The record before us indicates that Robinson, concurrent with filing this mandamus action, filed an affidavit of indigency and an affidavit stating that he was "without any funds or assets to pay the cost of these filings." (Dec. 14, 2018 Aff. of Indigency at 1.) The record does not show that he filed the certified statement setting forth the balance of his inmate account *for each of the six months preceding the filing of this action*, as required by R.C. 2969.25(C)(1). Robinson's failure to comply with the mandatory requirements of R.C. 2969.25(C) requires that his petition for a writ of mandamus be dismissed.

## IV. CONCLUSION

{¶ 10} Upon review of the magistrate's decision, an independent review of the record, and due consideration of Robinson's objection, we find the magistrate has properly stated the pertinent facts and applied the appropriate law. Therefore, we overrule Robinson's objection to the magistrate's decision and adopt the decision as our own, including the findings of facts and conclusions of law therein and dismiss this action sua

sponte. Further, inasmuch as Robinson did not prevail and did not establish indigency, this Court orders him to pay the costs of the proceedings.

*Objection overruled; petition for writ of mandamus dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____

<u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| The State ex rel. Jackie N. Robinson, | : | |
| Relator, | : | |
| v. | : | No.  18AP-959 |
| Ohio Adult Parole Authority and its Chief, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 2, 2019

*Jackie N. Robinson,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 11} Relator, Jackie N. Robinson, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to credit him with a certain number of days time served.

<u>Findings of Fact</u>:

{¶ 12} 1.  Relator is an inmate currently incarcerated at Lake Erie Correctional Institution.

{¶ 13} 2.  At the time he filed this action, relator did file an affidavit of indigency; however, relator failed to attach thereto a certified copy which includes the amount in his inmate account for the six months preceding the filing of the action.

Conclusions of Law:

{¶ 14} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 17} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 18} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 19} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush,* 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 20} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**